UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDWARD G. RODRIGUEZ,<br><br>　　　　　　　　Petitioner,<br>　v.<br><br>TIMOTHY FILSON, et al.,<br><br>　　　　　　　　Respondents. | Case No. 3:15-cv-00339-MMD-WGC<br><br>ORDER |

　　　　In this habeas corpus action, on November 13, 2015, the Court appointed counsel for the petitioner, Edward G. Rodriguez, and, on December 14, 2015, the Federal Public Defender for the District of Nevada appeared as Rodriguez's counsel. *See* Order entered November 13, 2016 (ECF No. 6); Notice of Representation of Petitioner (ECF No. 8). On December 16, 2015, the Court entered a scheduling order (ECF No. 9) setting a schedule for further proceedings in the action, including a provision that Rodriguez had ninety (90) days — until March 15, 2016 — to file an amended habeas petition.

　　　　Then, on December 18, 2015, Rodriguez filed a document styled by his counsel as a supplement to his *pro se* habeas petition (ECF No. 10). In that document, Rodriguez's counsel stated that the expiration of the applicable limitations period for Rodriguez's federal habeas petition was imminent, and that it was necessary for them to file the supplement on Rodriguez's behalf so that he would not forfeit a claim under the statute of limitations. In the December 18, 2015, filing, Rodriguez's counsel also

indicated that they intend to file an amended petition on his behalf, as contemplated in the Court's December 16, 2015, scheduling order.

On December 22, 2015, respondents filed a motion to strike Rodriguez's supplement to his *pro se* petition (ECF No. 12), arguing that: Rodriguez did not file a motion for leave to file the supplement as required by Federal Rule of Civil Procedure 15(d); the supplement is improper because it is not based on a transaction, occurrence, or event that happened after the filing of the original petition as required by Rule 15(d); the filing cannot be treated as an amended petition, under Local Rule 15-1 and Ninth Circuit case law, because it incorporates material from the original petition by reference. Rodriguez filed an opposition to the motion to strike on January 8, 2016 (ECF No. 13), and respondents filed a reply on January 12, 2016 (ECF No. 14).

On January 14, 2016, Rodriguez filed a motion for leave to file a surreply in opposition to the motion to strike (ECF No. 15), with the proposed surreply attached (ECF No. 15-1). Respondents filed an opposition to the motion for leave to file a surreply on January 15, 2016 (ECF No. 16). Good cause appearing, the Court will grant the motion for leave to file the surreply, and considers the surreply in ruling on the motion to strike.

On March 15, 2016, and May 26, 2016, Rodriguez filed motions for extension of time to file an amended habeas petition pursuant to the December 16, 2015, scheduling order (ECF Nos. 17, 19). Good cause appearing, the Court will grant those motions, and will extend, to sixty (60) days from the date of this order, the time for Rodriguez to file an amended petition.

Further, in the interests of justice, the Court will treat Rodriguez's December 18, 2015, filing as including a motion for leave to file the supplement to his *pro se* petition, and will grant that motion and allow the supplementation of the *pro se* petition. It is plain from Rodriguez's December 18, 2015, filing, and not contested by respondents, that the reason for the supplementation was to prevent forfeiture of a claim under the statute of limitations. Rodriguez appears to have acted in good faith in filing the supplement, and

1  there is no indication that respondents will be prejudiced. This Court has broad
2  discretion with respect to allowing a supplemental pleading. *See Keith v. Volpe*, 858
3  F.2d 467, 473 (9th Cir. 1988); Advisory Committee Notes to Fed. R. Civ. P. 15 (1963
4  Amendment) ("Rule 15(d) is intended to give the court broad discretion in allowing a
5  supplemental pleading."). Under the circumstances here, as it appears that it may be
6  necessary to prevent forfeiture of a claim under the statute of limitations, the Court will
7  allow Rodriguez to supplement his *pro se* habeas petition by means of the supplemental
8  petition filed on December 18, 2015. The Court will deny respondents' motion to strike
9  the supplement.

10  It is therefore ordered that petitioner's Supplement to *Pro Se* Petition (ECF No.
11  10), filed on December 18, 2015, is treated as including a motion for leave to file the
12  supplement, and that motion is granted. The Court will consider petitioner's *pro se*
13  habeas petition to consist of the petition filed on June 26, 2015 (ECF No. 1-1), together
14  with the supplement filed on December 18, 2015 (ECF No. 10).

15  It is further ordered that respondents' motion to strike (ECF No. 12) is denied.

16  It is further ordered that petitioner's motion for leave to file surreply (ECF No. 15)
17  is granted. The Court has considered the surreply (ECF No. 15-1) in ruling on
18  respondents' motion to strike.

19  It is further ordered that petitioner's motions for extensions of time (ECF Nos. 17
20  and 19) are granted. Petitioner will have sixty (60) days from the date of this order to file
21  an amended petition for writ of habeas corpus. In all other respects, the schedule for
22  further proceedings set forth in the order entered December 16, 2015 (ECF No. 9) will
23  remain in effect.

24  It is further ordered that, pursuant to Federal Rule of Civil Procedure 25(d), the
25  Clerk of the Court will substitute Timothy Filson for Renee Baker, on the docket for this
26  ///
27  ///
28  ///

1  case, as the respondent warden of Ely State Prison, and will update the caption of the
2  action to reflect this change.

3      Dated this 28th day of September 2016.

```
                                        _____
                                        MIRANDA M. DU
                                        UNITED STATES DISTRICT JUDGE
```