UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EDWARD G. RODRIGUEZ,

Petitioner,

v.

TIMOTHY FILSON, *et al.,*

Respondents.

Case No. 3:15-cv-00339-MMD-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion to dismiss (ECF No. 27).

Respondents contend, as per a clarification in the reply, that Grounds 1(a) and 3 are unexhausted.[1] As discussed further, *infra*, the parties seek supplemental briefing as to procedural default issues in the event that the Court finds that the amended petition includes one or more unexhausted claims.

I.  **BACKGROUND**

Petitioner Edward Rodriguez challenges his Nevada state conviction, pursuant to a guilty plea, of murder. He is sentenced to life without the possibility of parole.

Rodriguez did not file a direct appeal. He challenged his conviction in a timely state post-conviction petition.

---

[1] Respondents erroneously designated the challenged claim as Ground 1(b) in the motion to dismiss. Petitioner understood, however, that respondents' argument pertained instead to Ground 1(a) and responded accordingly. Respondents confirmed in their reply that the motion is directed to Ground 1(a). As the correct claim has been argued by both respondents and petitioner, the issue is postured for disposition on the existing briefing.

Counsel was appointed for petitioner in the district court and appellate courts during the state post-conviction proceedings.

## II. DISCUSSION

### A. Exhaustion

#### 1. Governing Law

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee upon which he relies and must also state the facts that entitle him to relief on that federal claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Under *Rose v. Lundy*, 455 U.S. 509 (1982) and its progeny, a mixed petition presenting unexhausted claims must be dismissed unless the petitioner dismisses the unexhausted claims and/or seeks other appropriate relief, such as a stay to return to the state courts to exhaust the claims.

#### 2. Ground 1(a)

In Ground 1(a), petitioner alleges that he was denied due process of law in violation of the Fifth and Fourteenth Amendments when the trial court misinformed him

///

2

during the plea colloquy that he had no right to a direct appeal, denying him his constitutional right to an appeal. (ECF No. 23 at 9-10.)[2]

Petitioner did not raise this claim in the state district court during the post-conviction proceedings. He instead raised, *inter alia*, a claim (pursued now as federal Ground 1(b)) that he was denied effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments when counsel failed to inform petitioner of his appeal rights, denying him his constitutional right to an appeal. (Compare ECF No. 25-7 at 6 with ECF No. 23 at 10-11.)

Petitioner sought to present the claim of trial court error now pursued in federal Ground 1(a) for the first time on the state post-conviction appeal. Petitioner combined the claim of trial court error presented now in federal Ground 1(a) and the ineffective-assistance claim in federal Ground 1(b) into a single ground. (ECF No. 26 at 3, 6 & 9-12.) Petitioner also presented, *inter alia*, a separate ground contending that the district court erred by ruling on the claims without the benefit of a transcript of the plea canvass. (*Id.* at 4, 6 & 17-19.)

In the order of affirmance, the state appellate court first addressed petitioner's ineffective-assistance claims and concluded that petitioner had not demonstrated that he was deprived of effective assistance of trial counsel. (ECF No. 26-5 at 2-3.)

The court then held as follows with regard to the petitioner's claim regarding the plea canvass transcript:

> Second, Rodriguez contends that the district court erred by denying his petition without the benefit of the plea canvass transcript because a review of the transcript would have revealed that the court misinformed Rodriguez about his right to an appeal. However, Rodriguez's claim in the court below was that counsel was ineffective for failing to inform him of his right to an appeal — not that the court misinformed him of his right to an appeal. We conclude that the record considered by the court was sufficient to address the claims that Rodriguez did raise in his petition and that the district court did not err by denying the petition without considering the plea canvass transcript.

(ECF No. 26-5 at 3.)

---

[2] All page citations are to the page number in the electronic header generated by CM/ECF rather than to any internal page numbering in the original document.

The court further explicitly declined to consider a claim of cumulative error based upon trial court error for failure to raise the claim in the district court:

> Finally, Rodriguez contends that the cumulative effect of the various trial errors alleged in his petition violated his rights to due process of law, equal protection of the laws, and a reliable sentence. However, this claim was not raised in the court below and we decline to consider it here. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means*, 120 Nev. at 1012–13, 103 P.3d at 33.

(ECF No. 26-5 at 4.)

In opposition to the motion to dismiss, petitioner urges that the state appellate court's failure to address Ground 1(a) on the merits does not bar federal review because he fairly presented the claim in the state post-conviction appeal. The Court is not persuaded. It is true that a state court's failure to consider a properly presented claim will not prevent the claim from being exhausted. However, the Supreme Court has emphasized that this rule applies only "once [a] federal claim has been *fairly presented* to the state courts." *Castille v. Peoples*, 489 U.S. 346, 350-51 (1989) (prior quotation marks and citation omitted; emphasis in *Castille*). Presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim. *Castille*, 489 U.S. at 351. Rodriguez presented the claim in Ground 1(a) to the state appellate court for the first time on the post-conviction appeal, and a claim presented in that manner will not be considered by the state appellate courts as a matter of course. *Davis, supra*. The claim therefore was not fairly presented, and petitioner thus cannot successfully rely upon the proposition that the failure to consider a fairly presented claim does not prevent the exhaustion of the claim.

Moreover, the state appellate court clearly did not otherwise consider the improperly presented claim on the merits. The court considered only ineffective-assistance claims on the merits on the post-conviction appeal. The court further expressly rejected a claim that the district court erred by denying the petition without the benefit of the plea canvass transcript because petitioner did not claim in the district court that the trial court misinformed him that he did not have a right to appeal. There is

1  no fair reading of the state appellate opinion under which the court considered the
2  improperly presented claim on the merits notwithstanding the failure to raise the claim in
3  the court below. The state appellate court's explicit reference as to other claims in the
4  immediately following paragraph to the rule disfavoring consideration of claims raised
5  for the first time on appeal strengthens, rather than weakens, the inference that the
6  state appellate court did not consider the claim that it just had noted had not been
7  raised in the court below on the basis that it had not been raised properly.

Ground 1(a) is unexhausted.

### 3. Ground 3

In Ground 3, petitioner alleges that his plea was not knowing, voluntary, and intelligent because, three days into the trial, trial counsel informed him that: (a) "things were not looking good;" (b) he was looking at 20 to life plus 20 to life on a weapon enhancement; and (c) if he instead pled the State would dismiss the weapon enhancement, the worst sentence that he then could get would be 20 to life, and the judge could consider a lesser included offense and sentence him to the "ten year flat" sentence the State allegedly originally offered him. Petitioner alleges that he felt that he had no choice but to enter an unknowing, involuntary and unintelligent plea because he felt trial counsel had not represented him at trial and he knew that counsel had done very little in preparing for the murder trial, having spent at best two hours with him and having never gone over the discovery with him. (ECF No. 23 at 13-14.)

Petitioner raised at least related claims in the state post-conviction petition as to some but not all of the factual particulars alleged in Ground 3. (*See* ECF No. 25-7 at 9-10.) However, he did not raise such a claim on the state post-conviction appeal. Petitioner nonetheless contends that he exhausted this claim when he argued on the state post-conviction appeal that the district court erred by ruling on his claims without the benefit of a transcript of the plea canvass. Yet he argued then specifically only that the district court erred "because a review of the transcript of the plea canvass would have revealed the erroneous information the court gave to Rodriguez regarding the right

to appeal." The entire argument on the claim thereafter referenced exclusively the trial court's alleged misinformation — reflected by the transcript — regarding petitioner's right to appeal. (*See* ECF No. 26 at 17-18.) The argument on the post-conviction procedural error claim in no sense fairly presented the expansive — and entirely different — claim in federal Ground 3 alleging that petitioner's plea was involuntary because of counsel's multiple alleged representations to him and his alleged inadequate assistance at trial.

Nor did the state appellate court decide the claim in Ground 3 on the merits on the post-conviction appeal. Petitioner insists that the court decided the claim on the merits because it stated: "We conclude that the record considered by the court was sufficient to address the claims that Rodriguez did raise in his petition and that the district court did not err by denying the petition . . . ." (ECF No. 26-5 at 3.) The Court is not persuaded by this strained argument. At the outset, the material deleted by petitioner's ellipsis changes the meaning of the quoted sentence from "the district court did not err by denying the petition" instead to the markedly different statement that "the district court did not err by denying the petition *without considering the plea canvass transcript.*" The state appellate court thus did not, as petitioner attempts to suggest, make a blanket holding as to the denial of all claims in the petition. The statement is set forth instead in full context in the text, *supra*, at 3. The state appellate court: (a) was addressing a post-conviction procedural error claim that "the district court erred by denying his petition without the benefit of the plea canvass transcript because a review of the transcript would have revealed that the court misinformed Rodriguez about his right to an appeal;" (b) rejected that post-conviction procedural error claim because the underlying trial court canvassing error claim had not been raised in the district court; and (c) concluded that the district court thus did not err by denying the petition without considering the transcript. Nothing in the court's discussion addressed Ground 3 — a claim based instead upon off-the-record assertions and alleged inadequate defense efforts by trial counsel — on the merits.

6

Ground 3 is unexhausted.

**B.     "Anticipatory Default" Determination**

Petitioner's counsel, with the concurrence of respondents' counsel, requests that the Court entertain supplemental briefing directed to whether petitioner can demonstrate cause and prejudice to overcome a procedural default of the unexhausted claims.[3] The scheduling order entered previously in this action did not provide for such bifurcated briefing, and modification of the scheduling order was not sought in advance.

The Court references and adopts its prior general discussion of automatic supplemental briefing of an "anticipatory default" issue in *Myers v. Filson*, 2017 WL 5559954, at *2-*4, No. 3:14-cv-00082-MMD-VPC, ECF No. 57, at 4-8 (D. Nev., Nov. 17, 2017).

In broad overview, an "anticipatory default" determination generally is not the next required step in a federal habeas case arising out of Nevada after it is determined that the petition contains unexhausted claims. In federal habeas cases arising out of Nevada, the state courts, generally, apply substantially the same standards as do the federal courts in determining whether a petitioner can demonstrate either cause or actual innocence in order to overcome a claimed procedural default.[4] In past cases, this Court thus has rejected efforts by habeas petitioners to claim technical exhaustion by

---

[3]While reported cases discuss the relationship between procedural default and exhaustion, the phrase "anticipatory default" does not appear in either Supreme Court or Ninth Circuit jurisprudence. The phrase appears in online legal research instead only in unreported cases from this District primarily addressing argument by the Federal Public Defender utilizing that terminology.

[4]Under state practice, "[a] petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice." *E.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006). In *Robinson v. Ignacio*, 360 F.3d 1044 (9th Cir. 2004), the court of appeals recognized that "Nevada's 'cause and prejudice' analysis and the federal 'cause and prejudice analysis' are nearly identical, as both require 'cause for the default and actual prejudice as a result.'" 360 F.3d at 1052 n.3. Moreover, the Nevada state courts also recognize the same exception for a fundamental miscarriage of justice, such that "[e]ven when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Mitchell*, 149 P.3d at 36 (*quoting Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

procedural default while at the same time arguing that they nonetheless can establish, *inter alia*, cause and prejudice or actual innocence to overcome that procedural default. Quite simply, if the petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the generally substantially similar federal and state standards, then petitioner cannot establish that "it is clear that the state court would *hold* the claim procedurally barred." *Sandgathe v. Maass,* 314 F.3d 371, 376 (9th Cir. 2002) (emphasis added; prior case citations and quotation marks omitted). On the other hand, if the petitioner has no such potentially viable arguments, then the claim indeed is technically exhausted; but it also is subject to immediate dismissal with prejudice as procedurally defaulted. Accordingly, the Court, generally, does not proceed to a cause-and-prejudice analysis as a matter of course following a holding that a claim is unexhausted. Generally, the petitioner thus either must establish a basis for a stay or dismiss the unexhausted claims in order to avoid dismissal of the petition under *Rose v. Lundy* as a mixed petition.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. The Supreme Court of Nevada has declined to recognize cause under *Martinez* as cause to overcome a state procedural bar under Nevada state law. *Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014). Accordingly, a Nevada habeas petitioner who can rely upon *Martinez*, and only *Martinez*, as a basis for overcoming a state procedural bar on an unexhausted claim successfully can argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

In the present case, Ground 1(a) is not a claim of ineffective assistance of trial counsel. It is not subject to *Martinez*. The entire petition must be dismissed unless petitioner either dismisses the unexhausted ground and/or obtains other appropriate relief, such as a stay to exhaust the ground. Alternatively, petitioner can unequivocally stipulate that he cannot overcome a procedural default of the claim based upon applicable state procedural bars and then the Court will dismiss the ground with prejudice as procedurally defaulted.[5]

Ground 3 perhaps could be argued to be a type of claim subject to *Martinez* because petitioner arguably seeks to challenge the voluntariness of his plea based upon alleged ineffective assistance of trial counsel. However, the claim in Ground 3 was not exhausted on state post-conviction review because it was not pursued during the post-conviction appeal after apparently having been pursued in the state district court. The failure of state post-conviction appellate counsel to raise a claim does not constitute cause under controlling Supreme Court precedent. *Martinez*, 566 U.S. at 10-11 & 16; *Coleman v. Thompson*, 501 U.S. 722 (1991).

If petitioner has any argument as to why Ground 3 is technically exhausted by procedural default but that default can be overcome under *Martinez*, petitioner must raise that argument in the alternative in a motion seeking either dismissal of Ground 3 and/or other appropriate relief, such as a stay. The Court will not delay the next action step in the case for stand-alone briefing with argument that instead should have been

---

[5]Such an unequivocal stipulation, to in truth be unequivocal due to the substantially similar procedural default rules under Nevada state post-conviction procedure, must include concessions that: (1) petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate cause and prejudice in the state courts to overcome the state procedural bars; (2) petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate in the state courts that the alleged constitutional violation probably has resulted in the conviction of one who is actually innocent and cannot thereby overcome the procedural bars; and (3) the procedural bars otherwise are now consistently applied by the Nevada state courts, such that it is not possible that the state courts, as a discretionary matter, would consider the claims despite the procedural default and despite a failure to demonstrate either cause and prejudice or actual innocence. *See, e.g., Volpicelli v. Palmer*, No. 3:10-cv-00005-RCJ-VPC, ECF No. 38, at 21 (D. Nev., May 17, 2012).

presented with the argument on the motion to dismiss. The scheduling order in this case does not provide for bifurcated or supplemental briefing on procedural default arguments relied upon to establish technical exhaustion. Local Rule LR 7-2(d) further provides that the failure of an opposing party to present points and authorities in response to a motion (with exceptions not relevant here) constitutes a consent to a grant of the motion. The parties thus must address all issues relevant to the respondents' exhaustion defense in the briefing on the motion to dismiss. This Court's scheduling order and the local rule, not unilateral action by counsel, even unilateral action by joint agreement, determines the procedure that must be followed in the case.[6]

Counsel should note the following with regard to future briefing on motions to dismiss raising an exhaustion defense. The undersigned is not inclined to ordering supplemental briefing as a matter of course to explore procedural default issues following a nonexhaustion determination. If the rule in *Martinez* is not implicated as the *sole* basis for potentially overcoming a procedural default, as to *all* of the unexhausted claims, then the next action step after a nonexhaustion determination typically will be that the action will be dismissed as a mixed petition unless the petitioner first either dismisses the unexhausted claims and/or obtains other appropriate relief such as a stay. If the rule in *Martinez* instead is implicated as the *sole* basis for potentially overcoming a procedural default as to *all* then remaining unexhausted claims, further consideration of that issue typically will be deferred to consideration with the merits on a full record and argument, not to supplemental briefing.

The Court thus needs to know earlier in the case — not later — specifically how *Martinez* impacts the intersection of exhaustion and procedural default rules as to the

---

[6]In cases before the undersigned, the Court will take into account that both counsel requested supplemental briefing in motion briefing that was filed prior to entry of this order. However, the Court nonetheless, as it has done here, may proceed forward to the next action step in the case and allow supplemental argument only in the alternative in any briefing as to that next step, depending upon, *inter alia*, the issues presented and the age of the case. In the final analysis, absent a contrary prior order, counsel are responsible for fully briefing the issues implicated by an exhaustion defense, including as to any claim of technical exhaustion by procedural default.

claims presented. Nothing prevents the parties from addressing that matter fully in the briefing on the motion to dismiss — so that the Court can determine at that time how the two issues intersect and then proceed expeditiously to the next appropriate action step in the case.

### III. CONCLUSION

It therefore is ordered that respondents' motion to dismiss (ECF No. 27) is granted, such that the Court holds that Grounds 1(a) and 3 are unexhausted.

It further is ordered that petitioner will have thirty (30) days from entry of this order within which to file a motion for dismissal without prejudice of the entire petition, for a partial dismissal only of the unexhausted claims, and/or for other appropriate relief, such as a stay to exhaust the claims. Any motion filed must contain or be accompanied by, either contemporaneously or via a document filed within ten (10) days thereafter, a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the Court. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the verification is not timely filed.[9]

The Court is endeavoring to posture this matter for resolution in advance of September 30, 2018, to the extent possible with its habeas docket. Requests for extension based on scheduling conflicts between this action and other actions in this Court should be sought in the later-filed case.

DATED THIS 29th day of December 2017.

                                                  MIRANDA M. DU
                                                  UNITED STATES DISTRICT JUDGE

---

[9]Counsel should note that this order calls specifically for the filing of a motion, not a declaration of abandonment or some other non-motion filing. The filing of a motion in this procedural context provides the Court with a more readily trackable filing on CM/ECF, so that the Court then can ensure that the case moves forward thereafter as expeditiously as possible.